**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR416-348-1 |
| | ) | |
| JUAN CARLOS NEGRON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Juan Carlos Negron moves the Court to order the return of property seized from his home to its rightful owners. *See* doc. 51. Specifically, he seeks the return of approximately $356, allegedly the property of Negron's four-year-old son, and three firearms, allegedly owned by his father. *See id.* at 1 (identifying the alleged owners of property), 3 (specifying the line number, in the attached inventory, of the money); 51-3 at 1 (specifying the amount of money).

1

Pretermitting the procedural questions raised by Negron's motion,[1] it (doc. 51) must be **DENIED**. Although his motion fails to identify the "[p]olice" who seized the property, his attached exhibit shows that it was seized by the Georgia Bureau of Investigation. *See* doc. 51, ¶ 15; doc. 51-3. That confirms the Government's contention that the State of Georgia, and not the United States, seized and thus likely possesses the

---

[1] For his motion's legal support he cites only "the Fourth, Fifth, Sixth, and Fourteenth Amendments" to the United States Constitution, the "Due Process Clause of the U.S. Constitution," (the Court hopes that Negron's counsel is aware that there are *two* such clauses), and "U.S. case law interpreting the above-cited authorities." Doc. 51 at 4. That's insufficient to satisfy this Court's requirement that "every motion in a criminal proceeding shall be accompanied by a memorandum of law citing *supporting authorities*." S.D. Ga. L. Crim. R. 12.1 (emphasis added). Despite technical compliance, the citations are virtually useless to evaluate the motion's merits. A cursory Westlaw search shows, for example, that federal courts have cited the Fourth Amendment approximately 31,000 times. The total cases implicated by Negron's citation number over 200,000, assuming that by "U.S. case law" he means federal cases. State court cases citing the relevant federal constitutional provisions bring that number to over half a million. The Court won't hunt for truffles in so vast a forest. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (noting, in finding the waiver of an objection "bur[ied] in a single unreasoned paragraph," that "[j]udges are not like pigs, hunting for truffles buried in briefs.").

The Government plausibly construes what Negron brings here as a Fed. R. Crim. P. 41(g) motion. Doc. 53 at 3. That rule provides a remedy to "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property." Fed. R. Crim. P. 41(g). Even so construed, his motion still has unaddressed flaws, most notably Negron's failure to show standing to assert his son or parents' property rights. *See generally* doc. 51; *see also* doc. 53 at 3 (noting standing issue).

Since, for the reasons explained below, it is clear that this motion must be denied, the Court need not subject itself or the parties to further briefing seeking some legal basis for Negron's motion or to determine whether he has standing to bring it in the first place.

property. *See* doc. 53 at 2-4 ("The United States does not possess and has never possessed the property the Defendant seeks," and "all evidence seized . . . remains in the custody of the GBI and/or Liberty County Sheriff's Office."). Of course, "[t]he government cannot return property it does not possess . . . ." *See Glover v. United States*, 2008 WL 4533928 at * 1 (S.D. Ga. Oct. 8, 2008) (quotes and cite omitted). Accordingly, the Government "is not the appropriate party from which to request its return." *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997).

**SO ORDERED** this  14th  day of February, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3